UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MELVIN S. NETTLES, III, | ) |
| Plaintiff, | ) |
| | ) **3 08 0703** |
| v., | ) No. 3:08mc0155 |
| | ) Judge Campbell |
| GEORGE LITTLE, ET AL., | ) |
| Defendants. | ) |

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Turney Center Industrial Prison in Only, Tennessee. He brings this action under 42 U.S.C. § 1983 against the Tennessee Department of Correction (TDOC), and TDOC Commissioner, George Little. The plaintiff seeks declaratory and injunctive relief

The plaintiff, citing disparities between Tenn. Code Ann § 41-2-146 and § 41-21-236(d), alleges that TDOC prisoners who serve their sentence in county jails and workhouses earn sentence reduction credits at a faster rate than TDOC prisoners who serve their sentence in the state prison system (Docket Entry No. 1, p 7) Under § 41-2-146, TDOC prisoners who serve their sentence in county jails or workhouses are eligible to earn sentence reduction credits of two (2) days for every one (1) day served if they participate in local work programs *Id* Under 41-21-236(d), TDOC prisoners who serve their sentence in the state prison system are eligible to earn sentence reduction

credits of one (1) to sixteen (16) days for each month served.[1] *Id.* The plaintiff asserts that this is unfair and discriminatory. (Docket Entry No. 1, p. 7)

The plaintiff does not specify the constitutional provision(s) or the federal law(s) that the statutes at issue allegedly violate. The Court, therefore, liberally construes the complaint to allege that the statutes at issue violate the plaintiff's due process and equal protection rights.

## II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898

---

[1] The plaintiff mistakenly asserts that TDOC prisoners who serve their sentence in the state prison system are eligible to earn only eight (8) days of sentence reduction credits for every month served. Under § 41-21-236(d), prisoners actually are eligible to earn eight (8) days of good-time credit plus eight (8) days credit for satisfactory program performance for a total of sixteen (16) days per month served.

2

F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

### A. Due Process

The due process clause does not itself create a liberty interest in earning sentence reduction credits. *See Sandin v. Conner*, 515 U.S. 472, 477 (1995); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992). Although state statutes and regulations may confer a liberty interest that is protected by due process, *see Sandin*, 515 U.S. at 483-84; *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995), they do so only if a denial of those liberty interests "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin*, 515 U.S. at 484. If a prisoner-plaintiff cannot show that he was subjected to an atypical and significant hardship in relation to the ordinary incidents of prison life, then such statutes and regulations do not convey a liberty interest, even if they contain unmistakably mandatory language. *See Sandin*, 515 U.S. 480-82; *Rimmer-Bey*, 62 F.3d at 790-91.

The plaintiff does not allege that he has had sentence reduction credits taken from him, or that he is accruing sentence reduction credits at a rate less than provided under § 41-21-236(d). The plaintiff's only complaint is that TDOC inmates who serve their sentence in county jails and workhouses accrue sentence reduction credits faster than he does. Accruing sentence reduction credits less quickly than another prisoner does not amount to "an atypical and significant hardship on [him] in relation to the ordinary incidents of prison life," especially where there is no constitutional right to sentence reduction credits in the first place. Therefore, the difference

3

Case 3:08-cv-00703   Document 4   Filed 07/22/08   Page 3 of 5 PageID #: 18

between the two statutes at issue does not give rise to a due process violation.

## B. Equal Protection

The equal protection component of the Fifth Amendment and the equal protection clause of the Fourteenth Amendment provide that a state shall not make or enforce any laws that abridge the privileges or immunities of citizens of the United States, or deny persons equal protection of the laws to those within its jurisdiction. *U.S. Const.* amend. V and XIV, § 1. The purpose of both is to ensure that "that all persons similarly situated [are] treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

To prevail on an equal protection claim under § 1983, the plaintiff must prove that a state actor purposefully discriminated against him because of his membership in a protected class, and that he suffered class-based discrimination. *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000); *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). To establish an equal protection violation, the plaintiff also must establish discriminatory intent or purpose. *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1997). Finally, the plaintiff must demonstrate that he was similarly situated to others under the facts alleged. *Id.* at 270 n.21.

The plaintiff does not allege, nor can it be liberally construed from the complaint, that he is a member of a protected class. Prisoners are not members of a protected class for equal protection purposes. *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998)(citing *Harris v. McRae*, 448 U.S. 297, 323 (1980)). The plaintiff also does not allege that the statutes at issue were enacted for discriminatory reasons. Finally, the plaintiff does not allege that, apart from being sentenced to a term of imprisonment in TDOC, the prisoners who serve their sentence in the state prison system

4

are similarly situated to those who serve their sentence in county jails or workhouses. Accordingly, there is no equal protection violation.

## III. CONCLUSION

For the reasons explained herein, the plaintiff's claims lack an arguable basis in law or fact. Accordingly, the complaint will be dismissed as frivolous. An Appropriate Order will be entered.

Todd Campbell
United States District Judge